**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| HISCOX INSURANCE COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COX RADIO, INC., COX ENTERPRISES, INC., ) <br> MICHAEL CALTA, MATTHEW CHRISTIAN ) <br> LOYD AND TERRY GENE BOLLEA ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.  8:20-CV-221-T-30SPF |

**HISCOX INSURANCE COMPANY, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS, COX RADIO, INC. AND COX ENTERPRISES, INC.'S MOTION TO DISMISS OR TRANSFER FOR VENUE AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, HISCOX INSURANCE COMPANY, INC. ("Hiscox"), by and through its undersigned counsel and pursuant to Local Rule 3.01, hereby submits its Response in Opposition to the Motion to Dismiss or Transfer for Venue and Memorandum of Law In Support [D.E. 18] (the "Motion") filed by Defendants COX RADIO, INC. and COX ENTERPRISES, INC. (together "Defendants"). As grounds for, and in support of the response to Defendant's motion, Plaintiff relies upon the accompanying memorandum of law.

### I.    PRELIMINARY STATEMENT

This insurance coverage lawsuit arises from claims brought by Defendant Terry Gene Bollea ("Bollea") against, *inter alia*, Cox Radio, Inc. ("Cox Radio"), and its employee and former employee, Michael Calta ("Calta") and Matthew Christian Loyd ("Loyd"), for the alleged theft and subsequent leak to gossip sites of a "sex tape" depicting Bollea in a lawsuit proceeding in Florida state court (the "Bollea Lawsuit"). On January 28, 2020, both Hiscox and Cox Enterprises, Inc. ("Cox Enterprises") filed lawsuits relating to Hiscox's obligations to defend and indemnify

1

the claims asserted in the Bollea Lawsuit. Hiscox filed its suit first. *See* Motion at 4. Hiscox's suit properly names all parties who have an interest in the Policy. Cox Enterprises' suit is a four-count Complaint against Hiscox alone seeking declaratory relief and damages based on claims of breach of contract, anticipatory breach of contract, and breach of fiduciary duty. *Id.*

The Defendants now seek to have this Court decline to exercise jurisdiction over this matter or, alternatively, transfer this matter to the U.S District Court for the Northern District of Georgia. But Hiscox is entitled—and legally required—to name as defendants all parties whose interests are affected by a declaratory action determining Hiscox's obligations to indemnify Cox Radio under the Policy, and none of those individuals are in Georgia, or even subject to personal jurisdiction in Georgia upon information and belief. Additionally, the witnesses and evidence are located in this jurisdiction, the Middle District of Florida.

As it relates to Defendants' Motion to Dismiss, it is essentially a motion to transfer venue styled as a motion to dismiss. However, while Defendants are located in Georgia, they ignore that (1) Cox Radio has operations in this District in Florida; (2) its employee, Calta, resides in this District in Florida; (3) its former employee, Loyd, resides in this District in Florida; (4) Bollea resides in this District in Florida; and (5) the Bollea Lawsuit arose and was filed in Florida. The balance of all relevant factors favor venue in this District.

## II.  STATEMENT OF FACTS

### A.  The Bollea Lawsuit

As Defendants acknowledge, the Bollea Lawsuit is currently pending in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. *See* Complaint [D.E. 1] at Exhibit "A"; Declaration of Joshua L. Blosveren in Support of Motion to Dismiss or Transfer Venue (the "Blosveren Dec.") [D.E. 18-1] at ¶ 4; *Id.* at Exhibit "B". The Bollea Lawsuit is steeped in what it

terms "Tampa's Shock Jock Culture".  It alleges "a significant amount of personal and professional animosity, misconduct, and unlawful activity that provides the backdrop for the Victimization of Bollea".  *See* Compl. Exhibit "A" at ¶ 39.

The story arises from allegations of animosity between Calta, Loyd, Cox Radio and a non-party, Bubba Clem.  Calta, Loyd and Clem are all alleged to be Tampa area radio hosts who all allegedly worked together at Cox Radio.  *Id*. at ¶¶ 49, 58.  The Complaint alleges that Loyd stole DVDs from Clem that contained video of Bollea.  The stolen DVDs and resulting alleged extortion attempts were reported to and investigated by the Tampa Police Department and other law enforcement authorities in Florida.  *See* Blosveren Dec. at Exhibit "A".

The Bollea Lawsuit alleges nine causes of action against putative Hiscox insureds, Cox Radio, Calta and Loyd; (1) Invasion of Privacy and/or Aiding and Abetting Invasion of Privacy; (2) Public Disclosure of Private Facts and/or Aiding and Abetting Public Disclosure of Private Facts; (3) Invasion of Privacy by Intrusion Upon Seclusion and/or Aiding and Abetting Invasion of Privacy by Intrusion Upon Seclusion; (4) Intentional Infliction of Emotional Distress; (5) Intentional Interference with Contractual Relations and Advantageous Business Relationships; (6)Violation of Section 934.10 Florida Statutes and/or Aiding and Abetting of Violation of Section 934.10, Florida Statutes; (7) Civil Conspiracy; (8) Negligent Retention; and (9) Negligence.

### B. The Dueling Lawsuits

Hiscox issued an insurance policy to Cox Enterprises, Inc. bearing effective dates of December 1, 2011 through December 1, 2012 providing Multimedia Coverage, designated policy no. US UUA 2619952.11 (the "Policy").  *See* Compl. Exhibit "B".  According to the terms and conditions set forth therein, the Policy provides indemnification for:

> defense costs and damages incurred as a result of a claim that falls within WHAT HAS TO GO WRONG (Section II) under this policy, WHAT WE WILL PAY

>  (Section IV) under this policy, and HOW MUCH WE WILL PAY (Section V) under this policy.

*See* Compl. ¶ 20; Blosveren Dec. ¶ 3; Exhibit "A". The Policy requires that any dispute arising out of or relating to the Policy's construction or application must be mediated, and non-binding mediation is a prerequisite to filing suit. *Id.* Defendants admit that Hiscox raised issues regarding the apparent lack of coverage for Bollea Lawsuit and agreed to mediate the coverage issues on January 23, 2020. Affidavit of Jeannette L. Dixon ("Dixon Aff.") ¶ 5 attached hereto as Exhibit "A"; Blosveren Dec. ¶ 8; Exhibit "E".

Prior to mediation, Hiscox prepared a draft of the operative Complaint in this matter, and had the draft present at mediation. Dixon Aff. ¶ 7. It was Hiscox's intention to file suit, if necessary, in this District. Dixon Aff. ¶¶ 7-8. Hiscox made Defendants aware at mediation that it would protect its interests and, if necessary, move forward with a declaratory action, if mediation were unsuccessful. Dixon Aff. ¶ 9. Ultimately, the mediation resulted in an impasse. *Id.* at ¶ 12.

On January 27, 2020, Hiscox and Defendants attended mediation in the Underlying Lawsuit. Dixon Aff. ¶ 10. Hiscox reiterated its intention to protect its interests and assert its rights at that time. *Id.* at ¶ 11. This mediation also resulted in an impasse. *Id.* at ¶ 12.

After two unsuccessful mediations, on January 28, 2020, Hiscox, true to its word, filed the instant matter in this District naming all indispensable parties. *See* Compl. [D.E. 1]. After Hiscox filed this matter, Cox Enterprises, Inc. filed a four-count complaint in the Northern District of Georgia (the "Georgia Complaint"). *See* Blosveren Dec. ¶ 10; *Id.* Exhibit "E". On February 26, 2020, Cox Radio, Inc. and Cox Enterprises, Inc. filed this Motion. [D.E. 18]. On February 27, 2020 Hiscox moved to dismiss, or, alternatively, to transfer venue in the Northern District of Georgia matter. *See* Defendant's Rule 12(B) Motions to Dismiss or, Alternatively, Motion to Transfer Venue (the "Hiscox Motion to Dismiss") filed in the United States District Court in and

4

for the Northern District of Georgia, Atlanta Division, Case No. 1:20-cv-00415-MHC attached hereto as Exhibit "B".

Hiscox filed its action here in the Middle District of Florida, Tampa Division—the district in which the Underlying Lawsuit is pending, where all the relevant parties are located and are subject to jurisdiction, and where the actions upon which coverage rests primarily occurred. Hiscox also named as Defendants all of the necessary and indispensable parties to this insurance coverage dispute—Cox Radio, Cox Enterprises, Matthew Christian Loyd, Michael Calta and Terry Gene Bollea. Cox Enterprises, on the other hand, filed its defective action in the Northern District of Georgia, failing to join *any* of the defendants in the Bollea matter or even allege how it is entitled to bring its action on their behalf.

### III.   MEMORANDUM OF LAW

First, Defendants' Motion is a Motion to Dismiss pursuant to Rule 12(b)(3) or a Motion to Transfer Venue.[1] However, denial of Defendants' Motion is appropriate under these circumstances. This insurance coverage action will require this Court to apply the facts, evidence, and circumstances of the Bollea Lawsuit to the terms of the Policy. The subject incident occurred in the Middle District of Florida, the essential witnesses and evidence are located in the Middle District of Florida, and individual residents of this District are indispensable parties to this Action. Defendants' primary argument is that the very question of a lack of coverage is merely an affirmative defense to Cox Enterprises, Inc.'s complaint, and the only witnesses needed are located in Georgia. Defendants' arguments are derived from a narrow and selective interpretation of the

---

1   To date, the undersigned has not received a call from Defendant, and the Motion fails to include the required certification of conferral pursuant to Local Rule 3.01 (g). Defendants' failure to confer is grounds for denial of the motion. *F.T.C. v. Direct Benefits Grp., LLC,* No. 111186, 2012 WL 3715191, at *2 (M.D. Fla. Aug. 7, 2012), report and recommendation adopted, No. 111186, 2012 WL 3714089 (M.D. Fla. Aug. 28, 2012),

5

facts of this matter. Therefore, Dismissal of the Complaint is not appropriate as the criteria for the Court to consider in ruling on Defendants' Motion, including the location of the parties, the location of witnesses, and the interests of justice, all favor Hiscox, and this matter should remain before this Court.

### A. Legal Standard

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). The Eleventh Circuit has advised that a federal district court should be extremely reluctant to transfer actions from the forum selected by a plaintiff, stating that "the Plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill. P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert, denied. 456 U.S. 918 (1982); accord *Eve Care International Inc. v. Underhill,* 119F.Supp.2d 1313, 1317 (M.D. Fla. 2000).

It is well settled that the party seeking transfer bears the burden to persuade the trial court that transfer is appropriate and should be granted. Equally well settled is the movant's burden to demonstrate "the balance of convenience is 'strongly in favor of the transfer'" in order to overcome the presumption in favor of Plaintiff's choice of forum. *Eve Care International v. Underhill*, 119 F.Supp.2d at 1317; *see also Tampa Bay Storm v. Arena Football League*, 932 F. Supp. 281, 282 (M.D. Fla. 1996); *American Aircraft Sales Int'l. Inc. v. Airwarsaw, Inc.* 55 F.Supp.2d 1347, 1351 (M.D. Fla. 1999); *Garav v. BRK Electronics*. 755 F. Supp. 1010, 1011 (M.D. Fla. 1991). Adhering to the Eleventh Circuit's mandate, courts in the Middle District of Florida have consistently recognized that a trial court should "not disturb a Plaintiff's selected venue merely to shift inconveniences between the parties." *American Aircraft Sales International, Inc. v. Airwarsaw, Inc.* 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

The three criteria for the Court to consider in ruling on a motion to transfer are: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice. In weighing those criteria, and deciding whether to transfer an action to another district, the district court is vested with broad discretion. *England v. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir.1988).

### B.  Venue Is Proper Before This Court

As a threshold matter, it is without question that Hiscox properly filed this matter in the correct venue.  Pursuant to 28 U.S.C. § 1391 (b) Venue in general:

> A civil action may be brought in
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*  Both Cox Radio, Inc. and Cox Enterprises satisfy the residency requirement of the statute.

> (c) Residency.--For all venue purposes—
>
> ***
>
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and

28 U.S.C. § 1391 (c)(2).

However, Hiscox disputes that this matter could have been properly brought in the Northern District of Georgia, as certain indispensable defendants are, upon information and belief, not subject to personal jurisdiction in Georgia.  And Defendants have not established that this

matter could have been brought in the Northern District of Georgia (or any other forum) naming all of the indispensable parties who are named to this suit.

   1. ***The Court is well within its discretion to properly consider this matter***

Defendants' initial argument is that this Court has discretion to decline to hear Hiscox's complaint. Defendants cite *Clark Const. Grp., LLC v. Travelers Excess & Surplus Lines Co.*, 470 F. Supp. 2d 1350 (M.D. Fla. 2006) in support of this point. *See* Motion at 5. However, the facts of *Clark Construction v. Travelers*, support this Court retaining jurisdiction.

In *Clark Construction v. Travelers*, this Court dismissed a declaratory action brought by a plaintiff contractor against an insurer defendant because there was a question whether all necessary parties could be joined to the action, and it appeared that plaintiff had filed suit in an effort to deprive the insurer of its chosen forum. 470 F. Supp. 2d at 1353-54. There, the insurer sought to recover property damage payments it had made to its insured, an airport authority, from plaintiff, a contractor who had been hired to work on the airport. The insurer sent plaintiff a demand letter seeking reimbursement of claim amounts, attaching a copy of a complaint it intended to file in state court if the matter was not resolved. One month later, plaintiff contractor filed a declaratory action against Travelers in federal court.

In granting the insurer's motion to dismiss, Judge John Antoon observed that, just as with the Northern District of Georgia case, ***[T]he parties dispute whether all necessary parties can be brought before the Court and whether complete relief can be achieved***. And, "it appears that the filing of this suit has been an attempt to deprive [the insurer] of its choice of forum." *Id.* at 1352 (M.D. Fla. 2006) (emphasis added). As demonstrated by Hiscox's Motion to Dismiss Cox Enterprises Complaint, the same deficiencies exist in Cox Enterprise's Complaint. Cox Enterprises omits each and every other party whose rights are implicated by the declaration that

its suit seeks. On the other hand, Hiscox has plainly brought all parties whose rights are impacted before the proper court—this Court.

Indeed, as explained in the Hiscox Motion, the Georgia Complaint is also defective because it was not brought by the correct party—Cox Radio, but rather its parent entity, Cox Enterprises. In particular, Hiscox argues:

> "Because a federal court's power extends only to cases and controversies . . . '[it] may only be called upon to adjudge the legal rights of litigants in actual controversies[.]'" *Nat'l Union Fire Ins. Co. v. Hicks, Muse, Tate & Furst, Inc.*, No. 02-1334, 2002 WL 1482625, at *3 (S.D.N.Y. July 10, 2002) (citations omitted) (quoting *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., Inc.*, No. 1102, 24 F.3d 427, 431 (2d Cir. 1994)). It is well settled that even declaratory judgment actions must be justiciable and for an insurance coverage declaratory action to be ripe, "[a]t the very least, there must be a claim against the insured to give rise to an anticipatory lawsuit[.]" *Id.* at *3–4.
>
> Under the laws of Georgia and Delaware, where both Cox entities are headquartered and incorporated, respectively, parent corporations are distinct and maintain separate identities from their subsidiaries. *See, e.g., Geary v. WMC Mortg. Corp.*, No. 1:05-CV-631-TWT, 2005 WL 8155448, at *2 (N.D. Ga. Oct. 14, 2005); *MicroStrategy Inc. v. Acacia Research Corp.*, No. 5735-VCP, 2010 WL 5550455, at *11 (Del. Ch. Dec. 30, 2010). "A parent/subsidiary relationship does not in and of itself establish the subsidiary as either the alter ego of the parent or as the parent's actual or apparent agent." *Monopoly Hotel Grp., LLC v. Hyatt Hotels Corp.*, No. 1:12-CV-1250-AT, 2016 WL 9735798, at *18 (N.D. Ga. Aug. 16, 2016) (quoting *Kissun v. Humana, Inc.*, No. S9G1225, 479 S.E. 2d 751, 754 (Ga. 1997)). These principles underlie the corporate form throughout the nation. Following these well settled principles, a parent corporation that is not the insured at issue has no justiciable claim against the insurer. The case of *National Union Fire Insurance Company v. Hicks, Muse, Tate & Furst, Inc.*, No. 02-1334, 2002 WL 1482625 (S.D.N.Y. July 10, 2002) illustrates the application of these principles. There, an insurer brought a no-coverage declaratory action against a parent corporation over a lawsuit filed against the parent's subsidiary. *Nat'l Union Fire Ins. Co.*, 2002 WL 1482625, at *2. The parent was the first named insured in the policy and "was responsible for paying premiums for itself" and its subsidiary. *Id.* Finding no justiciable controversy between the insurer and parent corporation, the court dismissed the insurer's claim against the parent corporation for lack of subject matter jurisdiction because, as here, the parent had not made a demand for coverage, its subsidiary had; the parent had not received notice of any legal claims against it, rather only its subsidiary had been sued; and the parent had no liability. *Id.* at *4.

> Here, too, the Court lacks subject matter jurisdiction because [Cox Enterprises's] case is not ripe. As in *Hicks*, [Cox Enterprises], the parent corporation of Cox Radio, is a distinct and separate entity from Cox Radio. [Cox Enterprises] is not the insured entitled to seek coverage for the claims asserted in the Underlying Lawsuit; rather its alleged subsidiary, Cox Radio, is and has. Nor does [Cox Enterprises] have any claims for damages pending against it relating to the Underlying Lawsuit, and thus no liability or potential liability relating to the Underlying Lawsuit. . . . Its case against Hiscox for coverage under the Policy and damages for breach of contract, anticipatory breach of contract, and insurer bad faith are not ripe. *See Nat'l Union Fire Ins. Co.*, 2002 WL 1482625, at *4. Accordingly, this entire action is not justiciable and it must be dismissed pursuant to Rule 12(b)(1). *See id*.

See Memorandum in Support of Hiscox Motion, p. 8-11.

Notwithstanding fatal flaws in the Georgia suit[2] which Defendants ask this Court to transfer venue from a location where all relevant parties are included to a venue where not only are indispensable parties not joined, but where the sole plaintiff is only the parent corporation, Cox Enterprises, not Cox Radio, the actual defendant in the Underlying Action that sought coverage pursuant to the terms of the Policy. This is inappropriate.

Furthermore, even if Hiscox's Complaint were anticipatory—which it was not—an anticipatory complaint is not enough to warrant dismissal. "Even if a court finds that a filing is anticipatory, this consideration does not transmogrify into an obligatory rule mandating dismissal." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citing *Ven–Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir.1982)). The fact remains that Defendants bear a burden to demonstrate to this Court that its Motion has merit, and the Motion to Dismiss fails to meet Defendants' burden.

---

2   Not surprisingly, and in acknowledgement that its Complaint in the Georgia action is flawed, Enterprises has filed a motion for leave to file a Second Amended Complaint in the Georgia action. *See* Plaintiff Cox Enterprises, Inc.'s Consent Motion for Leave to File a Second Amended Complaint and to Hold In Abeyance Further Briefing on Defendant Hiscox Insurance Company, Inc.'s Motion to Dismiss or Transfer Venue attached hereto as Exhibit "C".

### 2. *Hiscox was first to file*

The Defendants in this action admit that Hiscox was first to file its action. Furthermore, Defendants acknowledge that "when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction **should** hear the case." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.1993) (emphasis added.). More importantly, the Eleventh Circuit has ruled that "[i]n the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982); *see also Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). As the Eleventh Circuit stated:

> Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. . . . We are no exception. . . . Moreover, we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)(Internal citations omitted.) Where, as here, the Georgia suit fails to name all proper parties, likely because Georgia lacks personal jurisdiction over those parties, and the first filed Florida action properly names all indispensable parties, and was filed in a legally sufficient venue, there are simply no compelling reasons to transfer venue.

### C.   The Balance of Factors Do Not Favor Transfer

Only after a court determines that an action could have been brought in another forum—which, here, Defendants have not shown—does it then consider private and public factors in deciding whether transfer is justified. The criteria for the Court to consider in ruling on a motion to transfer are:

11

> 1) the convenience of the witnesses; 2) the location of relevant documents and the relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) a forum's familiarity with the governing law; 8) the weight accorded a plaintiff's choice of forum; and 9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Deltona Transformer Corp. v. Noco Company.*, No. 19-308ORL41LRH, 2019 WL 5390476, at *13 (M.D. Fla. Sept. 16, 2019) (citing *Manuel v. Convergys Corp.*, 430 F.3d 1135 n.1 (11th Cir. 2005)).

1. *The Convenience of the Witnesses and Parties*

The first and third factors for the Court to consider are the convenience of witnesses and parties. "The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted." *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013). The convenience of the parties favors the Middle District of Florida, as all of the individual Defendants are Florida residents. *See* Compl. ¶¶ 2-6. As such, the Northern District of Georgia may lack jurisdiction over these individuals. As Defendants note, both Hiscox and Cox Enterprises have sufficient resources that the Middle District of Florida should prove not to be burdensome for either party, however, the balance favors the location of the individual Defendants, who are also material witnesses.

"The most important factor under [section] 1404(a) is the convenience of [key] witnesses[.]" *Griffin Capital Co., LLC v. Essential Properties Realty Tr., Inc.,* at *4 (N.D. Ga. 2019) (quoting *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 842 F. Supp. 2d 1360, 1366 (N.D. Ga.2012) (citation omitted)). Litigating the case in Georgia would inconvenience a number of the individually named defendants, *e.g.* Bollea, Loyd and Calta, as well as any potential witnesses, who. will likely be Tampa-area employees and former employees of Cox Radio located

in the Middle District of Florida. Additionally, the availability of process to compel the attendance of unwilling witnesses favors Florida as well.

Most compellingly, however, Defendants fail to identify the "key" non-party witnesses and their testimony, allowing this Court to determine whether such a witness is "key." Defendants' Motion merely states, generally, "All CEI witnesses with relevant knowledge relating to the underwriting of or coverage provided by the Policy and many relevant documents are located in the Northern District of Georgia." Motion at 10. This is insufficient.

> '[A] general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be,' does not merit transfer. . . . This is so because, in analyzing the convenience to non-party witnesses, the Court must determine whether a witness is 'key.' . . .A witness is key if his or her testimony is likely to be significant enough that the [witness's] presence would be necessary at trial. . . . Additionally, in the case of employee witnesses, 'their convenience is entitled to less weight because [the parties] will be able to compel their testimony at trial.'

*See National Trust Insurance Company v. Pennsylvania National Mutual Casualty Insurance Company*, 223 F. Supp. 3d 1236, 1243 (M.D. Fla. 2016) (Internal citations omitted).

  2. *The Location of Relevant Documents*

The Defendants claim that all of the relevant documents, just like the relevant witnesses, are located in their Georgia headquarters, again without any identification of same. However, beyond the insurance policy there is no such support. Given that the Policy was attached to the Complaint, and submitted via affidavit in support of their motion, there does not appear to be a case for the relevant documents being located in Georgia. The underlying documents that form the basis of the claim, including the documentation of any pre-suit demands, are, upon information and belief, all present in Florida. Notwithstanding the above, the location of documents is no longer a heavily weighted factor. *Id.*

  3. *The Locus of Operative Facts*

The crux of the dispute between the parties is whether the allegations of the Bollea Lawsuit, as well as the actions of the Defendants' employees, implicate coverage pursuant to the terms of the Policy. While the Policy is an agreement that was to be interpreted pursuant to Georgia law, it is clear that the place of performance is Florida.

### 4. *The Relative Means of the Parties*

Defendants claim that the relative means of the parties, on balance, is neutral. However, there are several parties to this action, and Defendants do not offer any support for its neutral claim. Hiscox notes, however, that the means of all of the parties must be considered. The Parties in this action are two corporations—Cox Radio, Inc. and Cox Enterprises, Inc. and three individuals. Defendants make no showing whatsoever that the costs and burdens of litigation in Georgia are equal to the costs and burdens of Florida residents litigating in the Middle District of Florida.

### 5. *The Familiarity With The Governing Law And Trial Efficiency*

While it is clear that the Northern District of Georgia would be familiar with and able to interpret Georgia law as it applies to the Policy, district courts interpret contracts pursuant to many state laws. "A district court sitting in diversity applies the choice-of-law rules of the state in which it sits, in this case Florida. . . . Under Florida law, contractual choice-of-law provisions are presumptively enforceable." *Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 721 F. App'x 865, 873 (11th Cir. 2018). There is nothing to prevent this Court from interpreting the Policy pursuant to Georgia law.

Finally, Trial Efficiency also favors Florida. It is clear that the location of the individuals, and the business activities of the Defendants, favor and support trial in this District before this Court. Defendants offer no reasoning to support why trial efficiency tips in their favor, and they also incorrectly claim that it is equally convenient.

## IV.     CONCLUSION

Defendants bear a heavy burden to demonstrate to this Court why it should dismiss Hiscox's first filed Complaint, in favor of its faulty and legally insufficient action pending in the United States District Court for the Northern District of Georgia.  For the foregoing reasons, Defendants have failed to meet their burden.  Accordingly, Plaintiff Hiscox Insurance Company, Inc. respectfully requests the Court to Deny Defendant's Motion to Dismiss or Transfer this action.

WHEREFORE, Plaintiff, HISCOX INSURANCE COMPANY, INC., respectfully requests that this Court: (1) deny Defendants, COX ENTERPRISES, INC. and COX RADIO, INC.'s Motion To Dismiss Or Transfer For Venue And Memorandum Of Law In Support; and (2) grant any such and further relief that it deems just and proper.

Respectfully submitted this 11th day of March, 2020.

LYDECKER |DIAZ
*Attorneys for Plaintiff,*
*Hiscox Insurance Company, Inc.*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
(305) 416-3180 – Phone
(305) 416-3190 – Fax

By:     */s/ Stephen Hunter Johnson*
STEPHEN HUNTER JOHNSON
Florida Bar No. 12362
shj@lydeckerdiaz.com
SHAWN L.M. HAIRSTON
Florida Bar No. 110046

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 11th day of March, 2020, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Middle District of Florida by using the CM/ECF system which will send a copy of the foregoing and notice of electronic filing to: Gregory A. Hearing, Esq. gregory.hearing@gray-robinson.com and Charles J. Thomas, Esq. charles.thomas@gray-robinson.com, GrayRobinson, P.A., 401 East Jackson Street, Suite 2700, Post Office Box 3324 (33601-3324), Tampa, Florida 33602 and Joshua L. Blosveren, Esq., jblosveren@hnrklaw.com, Andrew N. Bourne, Esq., abourne@hnrklaw.com, Steven M. Silverberg, Esq., ssilverberg@hnrklaw.com, Hoguet Newman Regal & Kenney, LLP, One Grand Central Place, 60 East 42nd Street, 48th Floor, New York, New York 10165, *counsel for Defendants Cox Enterprises, Inc. and Cox Radio, Inc.*

*/s/ Stephen Hunter Johnson*

Stephen Hunter Johnson