UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HISCOX INSURANCE COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COX RADIO, INC., COX ENTERPRISES, INC., MICHAEL CALTA, MATTHEW CHRISTIAN LOYD AND TERRY GENE BOLLEA,<br><br>Defendants. | Case No. 8:20-cv-221-T-30SPF |

**DEFENDANTS COX RADIO, INC. AND COX ENTERPRISES, INC.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION TO DISMISS OR TRANSFER VENUE**

Defendants Cox Radio, Inc. ("Cox Radio") and Cox Enterprises, Inc. ("CEI") (collectively, "Cox") respectfully submit this reply Memorandum of Law in Further Support of Their Motion to Dismiss or Transfer Venue.

**PRELIMINARY STATEMENT**

This Court should grant Cox's motion and dismiss or, in the alternative, transfer this case because Plaintiff Hiscox Insurance Company, Inc.'s ("Hiscox") primary justification for denial completely evaporated upon the filing of Cox's Second Amended Complaint ("SAC") in the action pending in the Northern District of Georgia (the "Georgia Action"). Moreover, Hiscox has failed to rebut Cox's showing that the relevant equitable factors overwhelmingly favor the parties' dispute being adjudicated in the Northern District of Georgia.

Hiscox's primary argument in opposition to Cox's motion is that certain parties in the underlying action (plaintiff Terry Bollea and defendants Michael Calta and Matthew Loyd) are necessary parties in the Georgia Action. Cox does not agree that those individuals were ever necessary parties but in any event that issue is now moot, as the settlement in the underlying

1

action—an outcome Hiscox knew was likely imminent when it rushed to commence this action—has rendered implausible the notion that these individuals are necessary parties such that the Georgia Action cannot proceed without them. In addition to setting forth the facts showing that Bollea, Calta and Loyd have no interest in the outcome of the Georgia Action, the SAC adds Cox Radio as a plaintiff, which moots Hiscox's additional argument that the Georgia Action was not brought by the proper party.

Moreover, Hiscox has failed to persuasively rebut that: the Georgia Action is broader than this one and involves a claim for money damages; Cox is the "true plaintiff"; Cox is headquartered in Georgia and Hiscox is not headquartered in Florida; numerous likely key witnesses are located in Georgia and no likely key witnesses are located in Florida; the locus of the operative facts is in Georgia; and Georgia law applies to the parties' dispute.

In sum, Cox respectfully submits that there is no reason for this Court to exercise jurisdiction over this action and, accordingly, Cox requests that its motion be granted.

## ARGUMENT

### I.    HISCOX'S ARGUMENTS CONCERNING THE PROPER PARTIES ARE NO LONGER APPLICABLE

In an attempt to salvage this hastily commenced action, Hiscox asserts that Bollea, Calta, and Loyd are necessary and indispensable parties and could not be joined to the Georgia Action. Not only has this argument been mooted by virtue of the SAC, but Hiscox knew, when it filed its opposition to Cox's motion, that this would happen. Indeed, prior to the filing of this motion, Cox proposed that the parties agree to delay filing oppositions to the respective motions in the two actions because a formal settlement of the Bollea action was imminent and would materially affect the parties' arguments and require additional briefing. (Declaration of Joshua L. Blosveren dated March 25, 2020 ("Blosveren Decl."), ¶ 4.) Hiscox chose to decline Cox's invitation.

Cox denies that Bollea, Calta and Loyd were necessary or indispensable parties when it commenced the Georgia Action.¹ But even if that were the case then, *it is certainly not the case now*—and whether parties are necessary and/or indispensable under Rule 19 is tested by looking at the status of the parties *at the present time*, rather than at the time the action was commenced. *See Terrebonne Land Dev. Corp. v. Superior Oil Co.*, 65 F.R.D. 375, 377 (E.D. La. 1974) ("Indispensability is tested by looking to the status of the parties at the time relief is to be entered, or at the time the issue of indispensability is raised, rather than to their status at the time the suit is filed or removed. . . ."); *see also Citizens Against Longwall Mining v. Colt LLC*, No. 05-CV-3279, 2006 WL 515599, at *6 (C.D. Ill. Mar. 1, 2006) (finding that county was not necessary party even though it owned property in question "at the time the Complaint was filed," because it subsequently "executed a quitclaim deed" and was thus "no longer the mineral owner for the 120,000 acres in question").

Whatever their status last month, Bollea, Calta, and Loyd are not necessary parties now. Rule 19(a) provides that a person is necessary if: (a) the court cannot accord complete relief among the existing parties; or (b) the person claims an interest relating to the subject of the action and disposing of the action in the person's absence either (1) impairs or impedes the person's ability to protect the interest; or (2) leaves an existing party subject to a substantial risk of incurring inconsistent obligations. *See* Fed. R. Civ. P. 19(a). With Cox's settlement of the underlying case, under which *Bollea has already received his settlement payment* and *Calta and Loyd have already been released*, those three individuals *have no interest in this action*.

---

¹ Hiscox's reliance on cases standing for the proposition that the parties in an underlying tort action are necessary parties in a coverage action is misplaced because those cases were declaratory judgment actions brought by insurers (not actions for money damages brought by policyholders) and they, unlike here, involved policies giving tort claimants a direct right of action against the insurers. Furthermore, even if Hiscox were correct that Bollea, Calta and Loyd were necessary parties, it made no attempt to show that their joinder was not feasible.

3

(Blosveren Decl., Ex. A, ¶¶ 37-43.) Indeed, following the settlement: complete relief can be accorded among the existing parties; no other person can be said to have an interest that would be impaired or impeded by the adjudication of this action in his absence; and there is no risk that Hiscox or Cox will be subject to incurring inconsistent obligations. Accordingly, even assuming *arguendo* that Hiscox's Rule 19 argument had merit when made, it has none now.

Hiscox also complains that the Georgia Action should have been brought by Cox Radio. This argument, premised on a single non-precedential (and plainly distinguishable) case, is without merit. There is no precedent in this Circuit prohibiting a Named Insured like CEI from bringing an insurance claim on behalf of a subsidiary. In any event, the argument is now moot because Cox Radio is now a plaintiff in the Georgia Action. (Blosveren Decl., Ex. A.)

## II.     THE COURT SHOULD DISMISS THIS ACTION

In its moving brief, Cox argued that this Court could and should dismiss this action because: (1) it has the discretion but not the obligation to hear this declaratory judgment action; (2) the fact that Hiscox filed its complaint a few hours ahead of Cox is irrelevant or at most is to be given minimal weight; (3) the fact that this action was filed in apparent anticipation of the other pending proceeding weighs in favor of dismissal; (4) Hiscox has raised chiefly an affirmative defense and entertaining the action could effectively deny an injured party, Cox, its legitimate choice of forum; (5) permitting this action to proceed would amount to "would amount to the unnecessary and inappropriate 'gratuitous interference' with the more encompassing currently pending" Georgia Action, in contravention of *Ameritas Variable Life Insurance Co. v. Roach,* 411 F.3d 1328 (11th Cir. 2005); and (6) the balance of convenience tips decidedly in favor of the Georgia Action. (Moving Br. (ECF No. 18) at 4-10.)

In response to these points, Hiscox argues that: (1) the Georgia Action does not include necessary parties; (2) an anticipatory filing does not automatically warrant dismissal; and (3) the balance of convenience tips in favor of this action. (Opp. Br. (ECF No. 20) at 8-10.) Hiscox's first argument has been rendered moot for the reasons discussed above. Hiscox's second point, while correct, fails to recognize that a party's choice of forum is afforded less deference if the action was anticipatorily filed, as explained in Cox's opening brief. (Moving Br. (ECF No. 18) at 7-8.) As discussed below, Hiscox's third argument is predicated on a series of disingenuous misstatements of the relevant facts and the applicable law.

### III.     ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION

As argued by Cox in its moving brief, if the Court does not dismiss this action, it should transfer it to the Northern District of Georgia because that is the more appropriate forum for the parties' dispute. In response, in addition to asserting that Florida is the proper forum because the the Georgia Action did not name all proper parties (a moot point requiring no further discussion), Hiscox attempts to rebut Cox's argument that the Northern District of Georgia is the more appropriate forum by arguing that the consideration of the equitable factors outlined in *Manuel v. Convergys Corp.*, 430 F.3d 1135 (11th Cir. 2005), does not support transfer. This argument is premised upon a series of assertions that lack both factual and legal support.

First, Hiscox argues, rather incredibly, that the convenience of the witnesses weighs in favor of Florida. As alleged in the SAC in the Georgia Action, potential key witnesses relating to the parties' coverage dispute include Don Stryszko and Becky Greenhill (both of CEI) as well as **non-party** witnesses Ron Santaniello and Ted Twombly (both of Marsh USA). (Blosveren Decl., Ex. A, ¶ 16.) All of these individuals reside in Georgia. (*Id.*) As further alleged in the SAC, potential key witnesses relating to Cox's bad faith claim include Mr. Stryszko and Ms.

5

Greenhill, as well as fellow Georgia residents Kristen Weathersby[2] and Rachel Azriel (both of CEI), Melissa Hill (Hiscox's Head of Claims for the U.S.), and Scott Bertschi (Hiscox's outside counsel).  (*Id.*, ¶¶ 56-67.)  On the other hand, ***not a single person involved in the negotiation of the Policy or the handling of Cox's claim resides in Florida***.

To manufacture a connection to Florida, Hiscox asserts that certain Florida residents who were parties to the underlying litigation could be key witnesses.  (Opp. Br. (ECF 20) at 12-13.)  But Hiscox has advanced no explanation as to why they would have any information relevant to the dispute between Cox and Hiscox.[3]  There is no reason to give any weight to the residence of these people.  *See, e.g.*, *Travelers Prop. Cas. Co. v. Hillerich & Bradsby, Co.*, No. 05-CV-71497, 2005 WL 2206161, at *3 (E.D. Mich. Sept. 12, 2005) (transferring coverage action out of district where the underlying case arose to district where policies were negotiated and issued, explaining that the events in the underlying case were contained in the record, which "merely requires a paper review" and that it was "certainly not clear whether [the testimony of the parties in the underlying case] would be relevant to the coverage issue in light of the record").

Second, although it is not an important factor, the Court should note the disingenuousness of Hiscox's argument that more relevant documents are located in Florida.  Clearly, there is not a single document relevant to the negotiation of the Policy that is located in Florida.  Likewise, there is not a single document relevant to Cox's bad faith claim that is located in Florida.

Third, Hiscox posits that the locus of operative facts is Florida because the "place of performance" is Florida.  (Opp. Br. (ECF No. 20) at 14.)  On the contrary, it is well settled that

---

[2] Ms. Weathersby is Vice President, Litigation for CEI.  Her testimony would relate to non-privileged communications between Cox and Hiscox.  Cox does not waive its right to assert the attorney-client privilege as to any communications that would be protected by the privilege.

[3] In a case of the pot calling the kettle black, Hiscox criticizes Cox for "fail[ing] to identify the 'key' non-party witnesses and their testimony, allowing this Court to determine whether such a witness is 'key.'"  (Opp. Br. (ECF No. 20) at 13.)

"in determining the locus of operative facts for an insurance coverage issue, the locus in question is the site of the execution of the contract, not the location of the incident which triggered the insurance claim."  *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 435 (S.D.N.Y. 2018); *accord Biotest Pharm. Corp. v. Nat'l Liab. & Fire Ins. Co.*, No. 09-CV-81614, 2010 WL 11504803, at *9 (S.D. Fla. Apr. 26, 2010)).

Fourth, Hiscox argues that the means of Bollea, Calta and Loyd should be considered. (Opp. Br. (ECF No. 20) at 14.)  Since they are not necessary parties in the Georgia Action for the reasons set forth above, there is no need to consider the cost to them of litigating in Georgia.

Fifth, Hiscox points out that nothing "prevent[s] this Court from interpreting the Policy pursuant to Georgia law." (*Id.*.)  While that is of course true, it does not change the fact, as discussed in Cox's moving brief, that a court sitting in the state whose law applies is **better suited** to apply that law.  *See, e,g.*, *Laing v. BP Exploration & Production Inc.*, No. 13-CV-1041, 2014 WL 4059870, at *2 (M.D. Fla. Aug. 14, 2014) ("A district judge in Texas indisputably has the advantage in an action based on Texas law.  This factor distinctively favors transfer.").

Finally, Hiscox conclusorily argues that "[i]t is clear that the location of the individuals, and the business activities of the Defendants, favor and support trial in this District before this Court." (Opp. Br. (ECF No. 20) at 14.)  In fact, it would be significantly more efficient to conduct the trial in Georgia, because Cox is headquartered in Georgia, Hiscox is not headquartered in Florida, and none of the likely key witnesses lives in Florida.

In sum, as in *Hillerich & Bradsby*, *supra*, here "the only link to this venue is the fact that underlying claim arose in a case [within the district] and [the insurer's] counsel is located in this district."  2005 WL 2206161, at *3.  "Under the circumstances, these facts are not sufficient to keep the case in this district." *Id.*

Dated this <u>25th</u> day of March, 2020.

        Respectfully submitted,

        <u>/s/ Joshua L. Blosveren</u>
        JOSHUA L. BLOSVEREN (*pro hac vice*)
        New York Registration No. 4142691
        jblosveren@hnrklaw.com
        ANDREW N. BOURNE (*pro hac vice*)
        New York Registration No. 4172003
        abourne@hnrklaw.com
        STEVEN M. SILVERBERG (*pro hac vice*)
        New York Registration No. 4882742
        ssilverberg@hnrklaw.com
        **Hoguet Newman Regal & Kenney, LLP**
        One Grand Central Place
        60 E. 42nd Street, 48th Fl.
        New York, NY 10165
        Telephone: (212) 689-8808

        GREGORY A. HEARING
        Florida Bar No. 0817790
        gregory.hearing@gray-robinson.com
        CHARLES J. THOMAS
        Florida Bar No. 986860
        charles.thomas@gray-robinson.com
        **GrayRobinson, P.A.**
        401 East Jackson Street, Suite 2700
        Post Office Box 3324 (33601-3324)
        Tampa, FL 33602
        Telephone: (813) 273-5000
        Facsimile: (813) 273-5145

        *Attorneys for Defendants Cox Radio, Inc. and Cox Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 25th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

 STEPHEN HUNTER JOHNSON
 **Lydecker Diaz**
 1221 Brickell Ave., 19th Fl.
 Miami, FL 33131-3240
 shj@lydeckerdiaz.com

 *Attorneys for Plaintiff*

             */s/ Joshua L. Blosveren*
               Attorney