UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HISCOX INSURANCE COMPANY,
INC.,

    Plaintiff,

v.                                                        Case No: 8:20-cv-221-T-30SPF

TERRY GENE BOLLEA, COX RADIO,
INC., COX ENTERPRISES, INC.,
MICHAEL CALTA and MATTHEW
CHRISTIAN LOYD,

    Defendants.

## ORDER

        Hiscox Insurance Company, Inc. filed this declaratory judgment action to determine what its obligations are under a Multimedia Coverage insurance policy issued to Cox Enterprises, Inc. relative to a since-settled lawsuit filed by Terry Bollea against the other Defendants. A few hours later, Cox Enterprises sued Hiscox in the Northern District Georgia, alleging breach of contract, bad faith, and seeking a declaratory judgment. Now Cox Enterprises and Cox Radio, Inc. (collectively, "Cox") ask the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) or transfer it to the Northern District of Georgia based on compelling circumstances. Hiscox, which moved to dismiss the action in the Northern District of Georgia, opposes transfer for a variety of reasons. Considering the arguments, the Court agrees with Cox that compelling circumstances warrant transfer

of this action since it appears the Northern District of Georgia is the more appropriate forum to resolve the parties' disputes.

## BACKGROUND

Terry Bollea sued Cox and others in a lawsuit in Florida circuit court. Cox sought a defense and indemnification in that lawsuit under a Multimedia Coverage insurance policy issued to it by Hiscox. The insurance policy dictates that Georgia law governs interpretation of the insurance policy, and Cox Enterprises is headquartered in Georgia. The Cox employees involved in making the coverage claim and the Hiscox employees who made coverage determinations—all of whom will likely be necessary witnesses in this action—reside in Georgia.

A coverage dispute arose between Hiscox and Cox regarding Hiscox's obligations to defend and indemnify Cox and its employees in the underlying suit brought by Bollea. It is unclear whether Hiscox or Cox first threatened to sue to get a coverage determination, but Hiscox was the first to file its lawsuit. In the instance suit, Hiscox seeks a declaratory judgment regarding its obligations under the Multimedia Coverage policy.

Hours after Hiscox filed this suit, Cox Enterprises sued Hiscox in the Northern District of Georgia. In that lawsuit, Cox Enterprises brought claims for breach of contract and bad faith, and it sought a declaratory judgment regarding coverage under the policy. Cox Enterprises later amended the complaint to include Cox Radio as a plaintiff. Cox and Hiscox then moved to dismiss each others' actions in the respective forums.

Since the insurance cases were filed, Bollea settled his underlying lawsuit with Cox and its current and former employees Michael Calta and Matthew Loyd.

## **DISCUSSION**

Cox argues this action should be dismissed under this Court's discretion not to hear declaratory judgment actions or transferred to the Northern District of Georgia where the action filed by Cox is pending. Hiscox argues the Court should deny the motion because its action was first filed and the balance of convenience tips in favor of keeping this action in this forum.[1] The Court agrees with Cox.

As a starting point, the Court concludes the first-filed rule is not dispositive in light of the compelling circumstances in this case. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("[W]e require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule."). Factors courts consider in determining if there are compelling circumstances are whether (1) the first-filed action was filed in anticipation of the other pending proceeding; (2) the first-filed action raises chiefly an affirmative defense such that the defendant is the "true plaintiff"; (3) the first-filed action is narrower than the other proceeding; and (4) the balance of convenience tips in favor of one forum or another. (Doc. 18). As to the balance of convenience, courts consider the factors in 28 U.S.C. § 1404:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the

---

[1] Hiscox also argued that the other action was deficient because it did not include all necessary parties (Cox Radio, Bollea, Calta, and Loyd) and because it should have been brought by Cox Radio, not Cox Enterprises. But because the underlying lawsuit settled and because the complaint in the other action was amended to name Cox Radio as a plaintiff (even though Hiscox issued its policy to Cox Enterprises), the Court concludes those arguments are moot and do not merit further discussion.

3

parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* at 1135 n.1.

Considering the above factors, the Court concludes compelling circumstances exist. The first factor is neutral since there are competing claims about whether Cox or Hiscox first threatened litigation in this case. The remaining factors, though, all weigh in Cox's favor since (1) Cox is the "true plaintiff," (2) Cox's action is broader and encompasses Hiscox's action, and (3) the balance of convenience tips in Cox's favor. So the Court will grant Cox's motion and transfer this case to the Norther District of Georgia.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendants Cox Radio, Inc. and Cox Enterprises, Inc.'s Motion to Dismiss or Transfer Venue (Doc. 18) is GRANTED.

2. The Clerk is directed to transfer this action to the Northern District of Georgia, Atlanta Division.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of March, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record